*Winslow, for appellant.*

*Scott, for appellee.*

---

E. J. GREEN *v.* JAS. R. SECREST.

**Bills and Notes—Assignment—Usury.**

The written acknowledgment of appellee that all usury included in his individual debts to Green was stricken out in their settlement before the execution of the note sued on, is not contradicted by any testimony in the case, concludes him on that point.

APPEAL FROM KENTON CIRCUIT COURT.

December 10, 1870.

OPINION BY JUDGE LINDSAY:

As in all cases of usurious and illegal transactions, great difficulty attends the adjudication of the matters involved in the controversy. From the facts as presented by this record, we are inclined to the opinion that there is no error in the judgment of the court below except in so far as it credits the appellee with the amount he failed to realize upon the assignment of F. M. Secrest after the debts said assignment were intended to pay had been purged of usury. The court properly gave him

credits by the amount of usury contained in said debts, viz: $622.00. The evidence does not establish that the transaction by which appellees accepted said assignment and assumed to pay to Green the debts of F. M. Secrest was brought about by Green. Nor that he represented to appellee that F. M. Secrest was solvent and able to pay all his debts. It is certain that he did not assign the notes he held against F. M. Secrest to appellee, nor even pass them to him without assignment, but delivered them to the debtor himself.

We conclude that Green accepted the note of appellee in full payment of the debts he held against F. M. Secrest, and that appellee accepted the assignment of the notes on points because he hoped to be able now to obtain the money on said assignment, and because he secured time from Green, by the payment of usurious interest.

Under the circumstances we do not think that Green is in any way responsible to him on account of his failure to collect the whole of the amount assigned except in so far as he was prevented by reason of the usury contained in the notes surrendered by Green to F. M. Secrest.

As a legal sequence it follows that appellee was entitled to nothing on his own petition for costs and attorney's fees expended in the prosecution of his claim against F. M. Secrest.

The written acknowledgment of appellee that all usury included in his individual debts to Green was stricken out in their settlement before the execution of the note sued on, is not contradicted by any testimony in the case, and we think concludes him on that point.

We think the court properly refused to charge appellee with the $270.00 of usury refunded by Green to F. M. Secrest, after the transaction by which appellee became responsible for the payment of the debts of said Secrest. There is nothing in the case to show that his payment was made with the knowledge or assent of appellee except the reply of appellants, which we do not regard in the light of a deposition.

The judgment is affirmed on the cross-appeal, but for the error indicated is reversed on the appeal and the cause remanded for further proceedings consistent with this opinion.

*Carlisle, Pryor, for appellant.*

*O'Hara, for appellee.*